UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN RAY YOUNG, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|         v. | ) No. 1:24-cv-00861-JPH-CSW |
| | ) |
| BARTHOLOMEW COUNTY JAIL, | ) |
| ARN HOLT, | ) |
| LYDIA JOHN, | ) |
| SHANE HICKMAN, | ) |
| COURTNEY FISCHER, | ) |
| NEWLAND, | ) |
| A. FOREMAN, | ) |
| | ) |
|         Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Steven Ray Young is a prisoner currently incarcerated at the Bartholomew County Jail. He alleges in this civil action that the defendants have violated his constitutional rights by denying him a kosher diet. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

1

Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names seven defendants: Bartholomew County Jail, Jail Commander Arn Holt, Sgt. Lydia John, Sgt. Shane Hickman, Sgt. Courtney Fischer, Sgt. Newland, and Sgt. A. Foreman. Plaintiff's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Plaintiff has been served non-kosher meal trays since the beginning of May 2024. He receives trays that are uncovered and dirty with non-kosher utensils. Before the trays are served, they are stored uncovered, with non-kosher trays allowing for cross-contamination. Because there is no kosher commissary, he is forced to choose between eating the non-kosher meals or going hungry.

Plaintiff has also been denied a prayer rug or extra towel to allow him a clean area to conduct his prayers. He seeks injunctive relief and money damages.

2

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims shall procced while others are dismissed.

First, all claims against Bartholomew County Jail are dismissed because the Jail is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Second, Plaintiff's claim shall proceed against the individual defendants in their personal capacity for money damages under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. *See Williams v. Redman*, No. 3:20-CV-196-JD-MGG, 2021 WL 1907224, at *3 (N.D. Ind. May 12, 2021) (noting that it is an "open question" as to whether RLUIPA allows "appropriate relief," including monetary damages, against counties or county officers acting in their official capacity and allowing RLUIPA damages claim to proceed at screening against county sheriff) (citing *Tanzin v. Tanvir*, 141 S. Ct. 486, 492 (2020)).

The claim shall also proceed against the Jail Commander in his official capacity for injunctive relief under the First Amendment and RLUIPA.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 24, 2024,** in which to file a motion to reconsider the screening order.

3

The **clerk is directed** to terminate Bartholomew County Jail as a defendant on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### V. Plaintiff's Notice to the Court

On June 27, 2024, Plaintiff filed a notice with the Court indicating that Defendants have retaliated against him for bringing this action. Dkt. 12. He does not specify which Defendants in particular have taken retaliatory action. If plaintiff believes he is being retaliated against in violation of the Constitution and wishes to pursue claims against the responsible parties, he may do so by filing a new complaint after exhausting available administrative remedies at the Jail.

**SO ORDERED.**

Date: 9/30/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN RAY YOUNG
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

JAIL COMMANDER ARN HOLT
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

SGT. LYDIA JOHN
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

SGT. SHANE HICKMAN
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

SGT. COURTNEY FISCHER
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

SGT. NEWLAND
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

SGT. A. FOREMAN
BARTHOLOMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201